IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JAMES RAY COMPTON, § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> DEUTSCHE BANK NATIONAL § <br> TRUST COMPANY, AS TRUSTEE § <br> FOR MORGAN STANLEY DEAN § <br> WITTER CAPITAL I INC. PASS § <br> THROUGH CERTIFICATES, SERIES § <br> 2003-NC2, § <br> § <br> **Defendant.** § | CASE NO. 6:21-cv-1292 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2[1] ("*Defendant*") hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, Defendant respectfully states the following:

### I. INTRODUCTION

1.  On or about October 4, 2021, Plaintiff James Ray Compton ("*Plaintiff*") filed his Original Petition and Request for Disclosure, thereby instituting a suit numbered and styled as Cause No. CV09821, *James Ray Compton v. Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Pass Through Certificates, Series 2003-NC2,* in the 220th Judicial District Court of Hamilton County, Texas (the "*Petition*").

---

[1] Erroneously sued as Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Pass Through Certificates, Series 2003-NC2.
616217.2 61

18537075.1

2. In the Petition, Plaintiff asserts claims against Defendant based on purported issues with his Texas home equity loan secured by the real property located at 1308 S. Dempster, Hamilton, Texas 76531 (the "***Property***"). Although the bases for Plaintiff's causes of action are not entirely clear, it appears that he seeks to prevent the foreclosure of the Property and quiet title to the Property in his name due to purported defects with the foreclosure notices and an alleged violation of the home equity provisions of the Texas Constitution.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite __Exhibit A__ and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4. Plaintiff has yet to formerly served Defendant with his Petition. As a result, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely.[2]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Indeed, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. Complete diversity exists**.

6. Complete diversity exists because Plaintiff and each defendant are citizens of different states.

---

[2] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

7. Plaintiff is a resident of Hamilton County, Texas and is considered a citizen of Texas.[3]

8. Defendant is a national banking association and trustee of a mortgage-securitization trust. When a trustee is the real party in interest to the suit, its citizenship controls for purposes of diversity jurisdiction.[4] A trustee that possesses the "customary powers to hold, manage, and dispose of assets" is the real party in interest.[5] That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name, the trustee's citizenship is "all that matters for diversity purposes."[6] A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office as set forth in its articles of association.[7] Defendant is a national banking association; therefore, it is a citizen of the state where its main office, as designated in its articles of association, is located. Defendant's main office as designated in its articles of association is California. Therefore, Defendant is a citizen of California for purposes of diversity jurisdiction.

9. Plaintiff is a citizen of Texas and Defendant is a citizen of California. Therefore, complete diversity exists among the parties.

**B.    The amount in controversy exceeds $75,000.00.**

10. Pursuant to the Petition, Plaintiff enumerates a claim for quiet title. He specifically seeks a "declaration from the Court that the cloud upon his title to the [P]roperty created by

---

[3] *See* Petition, ¶ 2; *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence [] is prima facie proof of his domicile.").
[4] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980).
[5] *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356–57 (5th Cir. 2017) (quoting *Navarro*, 446 U.S. at 464).
[6] *Id.* at 358–59 (quoting *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016 (2016)).
[7] *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).

Defendant's posting of the Notice of Substitute Trustee Sale should be removed."[8] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[9]

11. When the object of a mortgagor's litigation is the protection of his or her entire property (such as a suit aimed at preventing a foreclosure or quieting title to real property), the fair market value of the property is the proper measure of the amount in controversy.[10] In this instance, the value of the Property is at least $92,330.00.[11] The Petition also states "Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief."[12] Therefore, the amount in controversy exceeds $75,000.00 based on the value of the relief Plaintiff seeks in his Petition.

## V. VENUE

12. Venue for this Removal is proper in the United States District Court for the Western District of Texas, Waco Division, because this district and division includes Hamilton County, Texas, the location of the pending state court action.[13]

## VI. ADDITIONAL REQUIREMENTS

13. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Hamilton County, Texas.

14. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

---

[8] *See* Petition, ¶ 12.
[9] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[10] *Id.*
[11] *See* Hamilton Central Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the records of the Hamilton Central Appraisal District because they are public records and the information is readily ascertainable and the source— the Hamilton Central Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[12] *See* Petition, ¶ 5.
[13] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(2) (stating that the Waco Division of the Western District includes Hamilton County).

15. Plaintiff did not demand a jury trial in the Petition.

**WHEREFORE**, having satisfied the requirements for removal, Defendants give notice that Cause No. CV09821, originally filed in the 220th Judicial District Court of Hamilton County, Texas, has been removed to this Court.

Respectfully submitted,

By: _/s/ Greg DeVries_
**BRIAN PAINO**
State Bar No. 24065862
**MCGLINCHEY STAFFORD**
18201 Von Karman Avenue, Suite 350,
Irvine, California 92612
Telephone : (949) 381-5900
Facsimile: (949) 271-4040
bpaino@mcglinchey.com

**GREG DEVRIES**
State Bar No. 24105802
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025
gdevries@mcglinchey.com

***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE AND NOTICE OF FILING

I certify that on December 13, 2021, this Notice of Removal was sent to the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served via email and/or via certified mail/return receipt requested upon the counsel for Plaintiffs.

_/s/ Greg DeVries_
**GREG DEVRIES**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2021, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

***Via E-mail, Via the ECF Notification and/or CMRRR***
James Ray Compton
1308 S. Dempster
Hamilton, Texas 76513
***Plaintiff***

                                */s/ Greg DeVries*
                                **GREG DEVRIES**

18537075.1