IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JAMES RAY COMPTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CASE NO. 6:21-cv-1292-JCM |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, AS TRUSTEE § | |
| FOR MORGAN STANLEY DEAN § | |
| WITTER CAPITAL I INC. PASS § | |
| THROUGH CERTIFICATES, SERIES § | |
| 2003-NC2, § | |
| § | |
| Defendants. § | |

**DEFENDANT'S PROPOSED DISCOVERY/CASE MANAGEMENT PLAN**

Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2[1] ("***Defendant***") hereby files this Proposed Discovery/Case Management Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and would respectfully show as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel for each party.

    **Response: Greg DeVries, counsel for Defendant, attempted to confer with Plaintiff regarding matters contained in Rule 26(f) on February 4 and February 7, 2022 via telephone and email. Plaintiff did not respond to any request to confer regarding this Discovery and Case Management Plan. Defendant therefore submits this Proposed Discovery and Case Management Plan.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

---

[1] Erroneously sued as Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Pass Through Certificates, Series 2003-NC2.

1

        **Response: None.**

3.     Briefly describe what this case is about.

        **Response: Plaintiff seeks an order quieting title to the real property commonly known as 1308 S. Dempster, Hamilton, TX in his name. He alleges he is entitled to such an order because he did not receive pre-foreclosure notices that were required under his home equity loan. Defendant denies these allegations and states that the lien on Plaintiff's homestead is valid and fully enforceable, and that it has complied with the terms of Plaintiff's home equity loan.**

4.     Specify the allegation of federal jurisdiction.

        **Response: This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is a case between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.**

5.     Name the parties who disagree and the reasons.

        **Response: Defendant agrees to the jurisdictional analysis. It is unknown whether Plaintiff is in agreement.**

6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted. Specify the dates for joining the additional parties.

        **Response: None.**

7.     List anticipated interventions.

        **Response: None.**

8.     Describe issues presented for class-action issues.

        **Response: None.**

9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

        **Response: Defendant anticipates the parties will complete Rule 26(a) initial disclosures by February 21, 2022.**

10.    Describe the proposed agreed discovery plan, including:

        A. Responses to all the matters raised in Rule 26(f);
        B. When and to whom the plaintiff anticipates it may send interrogatories;
        C. When and to whom the defendant anticipates it may send interrogatories;
        D. Of whom and by when the plaintiff anticipates taking oral depositions;
        E. Of whom and by when the defendant anticipates taking oral depositions;

> F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;
> G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.
> H. List expert depositions the opposing party anticipates taking and their anticipated completion date.
>
> **Response:**
>
> **A. Defendant does not anticipate any issues regarding discovery.**
>
> **B. Defendant expects that Plaintiff will send interrogatories to Defendant, if necessary, no later than 30 days before the discovery deadline set by this Court.**
>
> **C. Defendant anticipates sending interrogatories to Plaintiff, if necessary, no later than 30 days before the discovery deadline set by this Court.**
>
> **D. Defendant expects that Plaintiff may take the deposition of a corporate representative of Defendant, if necessary, no later than 30 days before the discovery deadline set by this Court.**
>
> **E. Defendant will take Plaintiff's deposition, if necessary, no later than 30 days before the discovery deadline set by this Court.**
>
> **F. Defendant expects that Plaintiff will designate expert witnesses, if necessary, no later than the deadline imposed by this Court. Defendant anticipates designating an expert witness, if necessary, no later than 45 days following Plaintiff's expert witness designation.**
>
> **G. Defendant expects that Plaintiff will complete expert depositions no later than the discovery deadline set by the Court.**
>
> **H. Defendant anticipates completing expert depositions no later than the discovery deadline set by the Court.**

11. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.

    **Response: Defendant consents to this discovery plan. Plaintiff's position is unknown. A proposed scheduling order is attached as Exhibit A.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **Response: None**

13. State the date the planned discovery can be reasonably completed.

    **Response: Defendant believes discovery can be completed by September 30, 2022.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**Response: Defendant believes settlement may be possible through informal settlement negotiations.**

15. Describe what each party has done or agreed to do to being about a prompt resolution.

    **Response: Defendant plans to request a settlement demand from Plaintiff as soon as Defendant's counsel is able to contact Plaintiff.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    **Response: At this time, the Defendant prefers to continue to engage in informal settlement discussions. Should informal settlement negotiations fail to bring about settlement, Defendant may be open to mediation or settlement conference at a later date. Plaintiff's position is unknown**

17. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on trial before a magistrate judge.

    **Response: The parties do not consent to trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **Response: No jury demand has been made.**

19. Specify the number of hours it will likely take to present the evidence in this case.

    **Response: Defendant anticipates that the presentation of evidence will take 3-4 days.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference and any other pending motions.

    **Response:  None.**

21. List other motions pending.

    **Response: None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **Response: None.**

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Response: Defendant filed its Certificate of Interested Parties and Corporate Disclosure Statement on December 13, 2021.**

24. List the names, bar numbers, addresses, and telephone numbers, of all counsel.

Response:

**BRIAN PAINO**
State Bar No. 24065862
bpaino@mcglinchey.com
**MCGLINCHEY STAFFORD**
18201 Von Karman Ave, Ste 350
Irvine CA 92612
Telephone : (949) 381-5900
Facsimile: (949) 271-4040

**GREG DEVRIES**
State Bar No. 24105802
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025
gdevries@mcglinchey.com
***COUNSEL FOR DEFENDANT***

Plaintiff is proceeding *pro se*.

/s/ Greg DeVries         2/7/22
Counsel for Defendant    Date